UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 11-cr-40029-JPG |
| CHRISTOPHER L. DAVENPORT, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on an error in the judgment entered on December 14, 2011, for Defendant Christopher L. Davenport. It has come to the Court's attention that the judgment, which contains certain conditions of supervision is missing on page 4. (Doc. 461 at 4). These conditions of supervision are clearly missing from the judgment and not intentionally left blank because the conditions of supervision are also contained in the minute entry for the sentencing proceedings. (Doc. 460). This issue within the judgment is a clerical error, correctable at any time under Federal Rule of Criminal Procedure 36. Fed.R.Crim.P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record"); *United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009) (Rule 36 is limited to errors that are clerical in nature, not judicial mistakes).

The Court hereby provides notice to the parties of its intent to correct the judgment at Doc. 461 with the following conditions:

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. The defendant shall pay the fine in installments of $10.00 or ten percent of his net monthly income,

whichever is greater to commence 30 days after release from imprisonment to a term of supervision until paid in full.

The defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information. The defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

Due to the defendant's substance abuse history, he shall participate as directed and approved by the probation officer in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis or other drug detection measures and which may require residence and/or participation in a residential treatment facility or residential reentry center. Any participation will require complete abstinence from all alcoholic beverages, illegal substances, and all other substances for the purposes of intoxication. The defendant shall pay for the costs associated with substance abuse counseling and/ or testing based on a copay sliding fee scale approved by the United States probation Office. Copay shall never exceed the total costs of counseling. The defendants financial obligation shall never exceed the total costs of services rendered. The number of tests shall not exceed 52 in a one year period.

Based on the possession of firearms, the defendant shall submit his person, residence, real property, place of business, computer, electronic communication and data storage device or media, vehicle and any other property under her control to a search, conducted by the United States Probation Officers and such other law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision, without a warrant. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

Defendant shall submit within 15 days, not to exceed 52 tests in a one year period for drug urinalysis.

The Court hereby gives notice to the parties of its intent to the correct the judgment with the above conditions of supervision. The Court will correct the judgment with the above conditions in 7 days entry of this order or by February 20, 2023. The parties may file any objection to this correction by February 20, 2023.

**IT IS SO ORDERED.**
**DATED:  February 13, 2023**

>  /s/ J. Phil Gilbert
>  **J. PHIL GILBERT**
>  **U.S. DISTRICT JUDGE**